IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEWEL SANITARY NAPKINS, LLC,

          Plaintiff,

v.

BUSY BEAVER PUBLICATIONS, LLC,

          Defendant.

ORDER

23-cv-126-slc

---

      Plaintiff Jewel Sanitary Napkins LLC is suing defendant Busy Beaver Publications, LLC, for defamation based on Busy Beaver's publication of a reader-submitted letter (the "Concerned Sister" ad) that Jewel says made false accusations about Jewel's products. On February 22, 2024, defendant filed a timely motion for summary judgment, relying in large part on an affidavit from Ivan Lapp (the Busy Beaver employee who proofread and managed the publication of the ad) to show an absence of actual malice. Dkt. 33, at 25-28.  In its response brief, Jewel argued that the motion should be denied on grounds that key evidence (the ad) had been destroyed; alternatively, Jewel argued that Busy Beaver's evidence, including Lapp's declaration, was insufficient to dispel a finding of actual malice. Dkt. 50. Jewel accompanied its response with a motion seeking an adverse inference on the issue of actual malice based on spoliation. Dkt. 47.

      In response to Jewel's spoliation motion, Busy Beaver served a subpoena on Betty Lantz, the reader who had submitted the ad.  Lantz's identity has been known to both parties since at least June of last year. Lantz not only affirmed that the ad as printed by Busy Beaver was an accurate transcription of her letter, but she informed Busy Beaver that she was in possession of the original submission form. (It appears that Lapp had returned it to her, although he apparently had forgotten that he did this until Busy Beaver followed up with him.) Having

obtained the original version of the ad, Busy Beaver demanded that Jewel withdraw its spoliation motion. Dkt. 56-1. Jewel agreed. Dkt. 56. Busy Beaver filed its reply in support of its summary judgment motion on March 25, 2024, making the motion ripe for adjudication.

Now Jewel has filed a motion in which it asks the court to withhold ruling on defendant's pending summary judgment motion for one month, to allow Jewel time to depose Lantz and Lapp. Dkt. 64. Although Jewel did not cite Fed. R. Civ. P. 56(d), this is the rule that governs Jewel's motion. Because Jewel has not met–indeed, cannot meet–Rule 56(d)'s requirements, the court is denying Jewel's motion.

As a starting point, Jewel has failed to support its motion with the requisite affidavit or declaration required by Rule 56(d). The court could deny the motion on that ground alone. More substantively–and more critically– Jewel has no persuasive explanation for why it has waited until now to seek to depose these witnesses, about whom Jewel has known since this case began. Jewel's reliance on Busy Beaver's purported conflicting accounts about what happened to the original Concerned Sister ad is a red herring that cannot excuse Jewel's lack of diligence. As Busy Beaver points out, Jewel could have subpoenaed Lantz on its own to find out if the ad as printed by Busy Beaver was an accurate transcription. And, in any case, Lantz has now submitted a sworn declaration attesting that she was the author of the ad, and she has produced the original, which does not differ in any way from the published version. Jewel offers no suggestion that Lantz has any additional evidence that would be probative of whether Busy Beaver published her ad with actual malice. Jewel has not shown that Lantz's testimony is

essential to oppose summary judgment, nor has it shown that it could not have sought her testimony earlier. Therefore, Jewel's Rule 56(d) motion is denied as to Lantz.

As for Lapp, Jewel has known throughout this litigation that he held significant evidence relevant to Jewel's claims. Busy Beaver identified Lapp as an individual with information about Busy Beaver's placement of the Concerned Sister ad, first in its initial Rule 26(a)(1) disclosures, *see* dkt. 67-1, at 3, and again in responses to Jewel's interrogatories. Def.'s Resp. to Sec. Set of Interrogatories, 11/27/23, dkt. 54-18, at p.3 (identifying Lapp as the person responsible for proofreading the classified ads for the issue in which the Concerned Sister ad was published). Lapp's importance was underlined in Busy Beaver's initial summary judgment brief, which prominently features Lapp's testimony. Dkt. 32. But, even then, Jewel did not seek to depose Lapp until after it received Busy Beaver's request that Jewel withdraw its spoliation motion.

Jewel suggests that because individuals in the Amish community are generally opposed to being involved in litigation, it was trying to avoid deposing witnesses who weren't "sufficiently important." Dkt. 64, at 4. Jewel says that *now* Lapp is an "important" witness because Busy Beaver's latest submissions suggest that it wasn't Lapp but was an unknown "typist" who took Lantz's paper submission and typed it into Busy Beaver's computer; Jewel says it needs to find out from Lapp who the typist was. This argument borders on the preposterous. Jewel's assertion–that Lapp was *not* an "important" witness until now–cannot be taken seriously in light of what Jewel has known throughout the pendency of this litigation. Further, Jewel doesn't explain why it matters *who* physically typed the words from the Concerned Sister ad into Busy Beaver's computer. Now that the Concerned Sister ad has been located, there is no dispute about

3

what was actually received, typed, and published by Busy Beaver. Lapp is the person who was responsible for proofreading and managing the ad prior to publication, a fact Jewel has known since at least June 2023. In light of Jewel's lack of diligence and the irrelevance of the identity of the typist, the court is denying the Rule 56(d) motion with respect to Lapp.

In sum, Jewel plainly made strategic decisions not to pursue either Lantz's or Lapp's deposition before Jewel's response to Busy Beaver's summary judgment motion was due. Now Jewel wants a do-over, but its submissions fall far short of establishing that it deserves one. Accordingly, Jewel's motion to hold the summary judgment motion in abeyance is denied. The court will take the motion under advisement and issue a decision shortly.

## ORDER

IT IS ORDERED that plaintiff Jewel Sanitary Napkins LLC's motion under Fed. R. Civ. P. 56(d) to hold the summary judgment motion in abeyance, dkt. 64, is DENIED.

Entered this 5th day of April, 2024.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge